IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01428-REB-MJW

JOSE MARTINEZ,

Plaintiff(s),

v.

FORDYCE AUTO CENTER, INC., and
GORDON FORDYCE,

Defendant(s).

---

**RECOMMENDATION ON
DEFENDANT GORDON FORDYCE'S MOTION TO DISMISS THE PLAINTIFF'S
CLAIM OF HARASSMENT IN AMENDED COMPLAINT PURSUANT TO F.R.C.P. [sic]
12(b)(6) (Docket No. 20)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned pursuant to the Order Referring Case issued by Judge Robert E. Blackburn on May 21, 2014.  (Docket No. 4).

Plaintiff, through counsel, filed the original Complaint (Docket No. 1) asserting the following five claims for relief: (1) discrimination against both defendants in violation of 42 U.S.C. § 1981; (2) negligence against defendant Fordyce Auto Center; (3) premises liability against defendant Fordyce Auto Center; (4) harassment against both defendants; and (5) outrageous conduct and intentional infliction of emotional distress against defendant Gordon Fordyce.  Thereafter, defendant Gordon Fordyce, through counsel, filed an Opposed Motion to Dismiss Plaintiff's Claim of Harassment Pursuant to F.R.C.P. [sic] 12(b)(6) (Docket No. 16).  One week later, plaintiff filed an Amended

2

Complaint (Docket No. 19) in which he again raises the same five claims for relief. Plaintiff failed to comply with D.C.COLO.LCivR 15.1(a) which requires the filing of a separate notice of filing the amended pleading with an attached copy of the amended pleading which strikes through the text to be deleted and underlines the text to be added.  In any event, defendant Gordon Fordyce then filed a Motion to Dismiss the Plaintiff's Claim of Harassment in Amended Complaint Pursuant to F.R.C.P. [sic] 12(b)(6) (Docket No. 20).  Defendant Fordyce Auto Center, Inc., filed a Joinder in that motion (Docket No. 30).  That motion to dismiss is now before the court for a report and recommendation.

During the Scheduling Conference on July 29, 2014, this court directed plaintiff to file his Response to the Motion to Dismiss (Docket No. 20) in accordance with the Local Rules for the District of Colorado.  (Docket No. 28 - Courtroom Minutes/Minute Order). Rather than doing so, on August 1, 2014, plaintiff filed a Motion to File Second Amended Complaint (Docket No. 32) in which he noted defendant's motion to dismiss and states that "Defendants' arguments can be resolved by an amended complaint because the arguments raised do not go to the merits of the case."  (Docket No. 32 at 2).  Plaintiff, however, once again failed to comply with D.C.COLO.LCivR 15.1 and also did not comply with D.C.COLO.LCivR 7.1, so his motion to amend (Docket No. 32) was denied without prejudice on August 4, 2014 (Docket No. 34).  More than three weeks have since passed, and plaintiff has not moved to amend, nor has he filed a response to the pending motion to dismiss (Docket No. 20).  Defendant Gordon Fordyce thus filed a Reply (Docket No. 35) in support of his Motion to Dismiss (Docket No. 20) in which he notes plaintiff's failure to file a response.

3

The court has carefully reviewed the motion (Docket No. 20) and the reply (Docket No. 35) as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion to dismiss be granted.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

4

*these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

5

Here, plaintiff alleges the following in the Amended Complaint (Docket No. 19). He is Hispanic and was employed by the defendants from June 2002 until his constructive discharge on June 4, 2012. He initially worked on basic mechanic jobs, and he was given progressively more difficult jobs to complete. He was never given a negative performance evaluation. Around August 2005 plaintiff noticed that defendant Gordan Fordyce's (hereafter "defendant") attitude toward him began to change; defendant became more aggressive and would yell at plaintiff. He also began depriving plaintiff of breaks and shortening the time allotted to eat lunch. On one occasion, defendant was so angry that he threw a wrench at plaintiff, hitting him on his leg. Plaintiff endured the abuse because he desperately needed the job. Defendant knew plaintiff was desperate for a job and abused his position of authority by subjecting plaintiff to humiliating and degrading treatment. Defendant was prone to outbursts, which typically included racist insults. At times defendant would make hand gestures indicating he was threatening to harm plaintiff physically.

On June 4, 2012, plaintiff was at work when he received a text message from his friend, Jorge Hernandez-Ceceda (hereinafter "Hernandez") asking whether plaintiff had eaten lunch. Plaintiff responded that he had not because defendant had ordered him to work through his lunch break. Hernandez offered to bring plaintiff some food, and plaintiff accepted. Hernandez arrived at plaintiff's workplace and sent a text message indicating he was outside with a burrito for plaintiff to eat for lunch. Plaintiff stepped outside to retrieve the burrito, which took less than three minutes. Within those three minutes, defendant followed plaintiff outside and began yelling racial slurs laced with profanity and hurling insults at plaintiff in the presence of Hernandez and four young

children who were with him. These acts were humiliating, demeaning, derogatory, and racially motivated. The racial slurs continued and culminated in defendant physically pushing plaintiff back toward the workplace and punching plaintiff repeatedly while holding a screwdriver.

Plaintiff ran to a restroom stall, locked himself inside, and attempted to retrieve his cell phone to call his wife and 911 for help. Defendant began pounding on the bathroom stall door, demanding that plaintiff come out. Plaintiff was terrified and managed to call his wife whom he advised that he needed help and to call the police immediately. Defendant continued to pound on the bathroom stall door. Plaintiff was terrified and opened the door. Defendant took plaintiff's cell phone and gave it to another employee. Defendant told plaintiff he had not hit him, everything was okay, and nothing had happened. Plaintiff was terrified and advised defendant he was injured and could no longer work. The police responded, but they did not speak Spanish fluently. Paramedics arrived, and plaintiff was taken to the hospital where it was determined that he suffered contusions to his left shoulder and his chest wall as a result of defendant punching him. In addition, his blood sugar was dangerously elevated. Plaintiff was placed on physical therapy for his shoulder injury and was placed on insulin. He enrolled in psychological counseling to address the stressful and traumatic events that occurred at the hands of the defendant.

As noted above, plaintiff raises five claims for relief. Defendants now seek dismissal of the Fourth Claim for Relief - Harassment against both defendants. In that Claim, plaintiff alleges the following:

43. Mr. Martinez hereby incorporates all paragraphs of this Complaint

7

as though fully set forth herein.

44. The Defendants knew or should have known of the propensity for harassment and racist actions of Gordon Fordyce, and of the hostile work environment created by Gordon Fordyce.

45. The actions of Gordon Fordyce were harassing in nature, racially motivated, created a hostile work environment, and resulted in adverse job action in the form of a constructive discharge against Mr. Martinez.

46. Fordyce Auto Center and Gordon Fordyce's actions and inactions were the proximate cause of Mr. Martinez's injuries, damages, and losses.

(Docket No. 19 at 5-6).

Defendants note that this Fourth Claim is identical to the harassment claim in the original Complaint. Defense counsel e-mailed plaintiff's counsel in an effort to confer regarding the harassment claim in the original Complaint. Plaintiff's counsel's response concerning this claim was that ". . . that claim has a strong factual basis and at a very minimum it is very clearly rooted in Colorado Statute 18-9-111." (Defs.' Ex. B). Plaintiff's counsel did not file a response to the instant motion to dismiss (Docket No. 20) but instead moved to amend the pleading. Counsel did not tender a proposed amended pleading and instead merely requested leave to file a second amended complaint up through and including August 17, 2014. (Docket No. 32 at 2). As noted above, that motion was denied without prejudice. Plaintiff's counsel, however, did not ever re-file her motion with a tendered amended pleading.

Since plaintiff did not respond to the motion to dismiss (Docket No. 20), the court finds that the motion has been confessed. Furthermore, the motion should be granted on the merits. As correctly asserted by the defendants, plaintiff's Fourth Claim fails to state a claim upon which relief can be granted since it fails to provide defendants with

fair notice of the claim against them and the grounds upon which it rests. Plaintiff has not cited any statute or basis of law; the pleading does not indicate whether the claim is grounded on a theory of employment law, tort, or even criminal law as cited in plaintiff's counsel's e-mail to defense counsel. Colorado has no common law harassment tort. Even if the court could consider plaintiff's counsel's e-mail response to defense counsel, the criminal statute cited, § 18-9-111, C.R.S., does not provide plaintiff with a private cause of action.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant Gordon Fordyce's Motion to Dismiss the Plaintiff's Claim of Harassment in Amended Complaint Pursuant to F.R.C.P. [Sic] 12(b)(6) (Docket No. 20) be **granted** and that plaintiff's Fourth Claim for Relief for harassment be dismissed.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

9

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: August 26, 2014　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge